UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA LAWSON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 21-cv-4509 |
| v. | ) ) |
| 7-ELEVEN, INC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

## COMPLAINT

NOW COMES Plaintiff, JESSICA LAWSON, by and through her counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, complains of Defendant 7-ELEVEN, INC., and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and terminated by Defendant in this District.

### PARTIES

3. Plaintiff, JESSICA LAWSON ("Plaintiff"), is and was at all times relevant to this Complaint an adult African-American employed by Defendant, 7-ELEVEN, INC., at its store

1

located at 6057 S. Kedzie Ave., Chicago, Cook County, Illinois, Store No. 22896. Plaintiff was harmed by Defendant in this County.

4. Defendant 7-ELEVEN, INC. is a Texas corporation duly organized and doing business at 6057 S. Kedzie Ave., Chicago, Cook County, Illinois, Store No. 22896. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Chicago, Cook County, Illinois. Further, Defendant is an "employer" as defined by the IHRA and Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about August 24, 2020, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2020-06610. That charge was cross-filed with the Illinois Department of Human Rights ("IDHR"), Charge No. 2021CR1925.

6. On May 26, 2021, EEOC issued Plaintiff a Notice of Right to Sue, as to her Title VII claims, allowing her 90 days from that date in which to file suit.

7. On June 28, 2021, the IDHR issued Plaintiff a Notice of Right to Sue regarding her state law claims (Charge No. 2021CR1925).

8. Therefore, Plaintiff's Complaint is being filed in a timely manner and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

9. Plaintiff is an African-American.

10. Defendant was apprised of Plaintiff's race.

11. Plaintiff was hired by Defendant on October 28, 2019. Plaintiff was hired as a Manager.

12. On or about December 16, 2020, Plaintiff began working as a Manager at Defendant's 6057 S. Kedzie, Chicago, IL location, Store No. 22896.

13. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

14. At all times relevant to this Complaint, Dawn Bryant was also a Manager and worked at Store No. 22896.

15. Plaintiff was the only African-American in management at Store No. 22896.

16. Plaintiff immediately noticed and experienced the disparate treatment African-American employees, including herself, received by Dawn Bryant.

17. Dawn Bryant was known to repeatedly call Plaintiff and other African-Americans "stupid," "dumb," and "retarded." White employees were not called out of their names.

18. Further, Dawn Bryant would not discipline White employees for violating company policy, such as drinking on the job and selling liquor after hours; but she would harass and discipline African-American employees for unsubstantiated reasons.

19. Thus, because of her race, African-American, Plaintiff was subjected to disparate treatment and harassment by Defendant.

20. Exercising a protected activity, Plaintiff initially discussed her concerns regarding Dawn Bryant with two other Defendant managers, a trainer and a human resources representative.

21. Then, when nothing was done, on or about February 18, 2020, Plaintiff again exercised a protected activity and reported her concerns regarding Dawn Bryant to a Defendant recruiter by the name of "Mike," who forwarded the complaint to Human Resources.

22. In retaliation and because of her race, just two days after exercising her protected right to complain about discrimination and harassment, and on February 20, 2020, Plaintiff was terminated by Defendant for no plausible reason.

## COUNT I – DISCRIMINATION BASED ON RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.

23. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

24. Title VII prohibits discrimination in employment on the basis of a person's race.

25. Plaintiff, as an African-American, is a member of a protected class.

26. From the time she was hired by Defendant on October 28, 2019, until her termination on February 20, 2020, Plaintiff performed her job in a satisfactory manner.

27. Defendants discriminated against Plaintiff because of her race, African-American, by refusing to accommodate her desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

28. Other non-African-American, or White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

29. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

30. Defendant's discrimination constitutes unlawful discrimination in direct violation of the Title VII.

WHEREFORE, Plaintiff, JESSICA LAWSON, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees of different races from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT II – DISCRIMINATION BASED ON RACE
### ILLINOIS HUMAN RIGHTS ACT

31. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

32. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

33. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from

discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

34. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her race, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

35. Plaintiff is African-American.

36. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

37. Plaintiff apprised Defendant of her race.

38. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

39. Other non-African-American, or White, employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

40. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

41. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, JESSICA LAWSON, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Illinois Human Rights Act;

B. Grant an injunction against Defendant from violating Illinois Human Rights Act and to protect other employees of different races from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

42. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

43. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under Title VII.

44. Plaintiff had engaged in a protected activity under Title VII after having reported and opposed the discriminatory practices of Defendant.

45. Plaintiff sought to protect herself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

46. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against her because she had reported and complained the aforesaid complaints and unlawful treatment and because of her protected class and conduct.

47. Defendant would not have discriminated against Plaintiff had she not previously engaged in protected activity and everything else being the same.

48. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted her terms and conditions of employment with Defendant.

49. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

50. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, JESSICA LAWSON, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B.  Grant an injunction against Defendant from violating Title VII and to protect other employees who engage in a protected activity from such Civil Rights violations;

C.  Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D.  Order the Defendant to pay the Plaintiff compensatory damages;

E.  Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F.  Award the Plaintiff her reasonable attorney's fees and costs; and

G.  Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – RETALIATION
## ILLINOIS HUMAN RIGHTS ACT

51. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

52. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under the IHRA. 775 ILCS 5/6-101.

53. Plaintiff had engaged in a protected activity under IHRA after having reported and opposed the discriminatory practices of Defendant.

54. Plaintiff sought to protect herself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

55. Defendant's decision to discriminate against Plaintiff was motivated by an intent to retaliate against her because she had reported and complained the aforesaid complaints and unlawful treatment and because of her protected class and conduct.

56. Defendant would not have discriminated against Plaintiff had she not previously engaged in protected activity and everything else being the same.

57. Other Defendant employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted her terms and conditions of employment with Defendant.

58. As a direct and proximate result of Defendant's violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

59. Defendant's discrimination constitutes unlawful discrimination in direct violation of IHRA.

WHEREFORE, Plaintiff, JESSICA LAWSON, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated IHRA;

B. Grant an injunction against Defendant from violating IHRA and to protect other employees who engage in a protected activity from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

  F. Award the Plaintiff her reasonable attorney's fees and costs; and

  G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: August 24, 2021

                  /s Antonio L. Jeffrey
                   Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com